JAY SMITH (CA Bar #166105)
(Email: js@gslaw.org)
TRAVIS S. WEST (CA Bar #293920)
(Email: twest@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, CA  90010-2732
Tel:   (323) 938-3000
Fax:   (323) 937-9139

RICHARD S. EDELMAN (D.C. Bar #416348) (*pro hac vice* pending)
(Email: Redelman@Mooneygreen.com)
**MOONEY, GREEN, SAINDON, MURPHY & WELCH PC**
1920 L Street NW, Suite 400
Washington, D.C.  20036
Telephone:   (202) 783-0010

Attorneys for Plaintiff Brotherhood of Maintenance
of Way Employes Division/IBT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION/IBT,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY, INC.,<br><br>Defendant. | Case No. 15-cv-05091<br><br>COMPLAINT FOR DECLARATORY RELIEF, ATTORNEYS' FEES, AND COST OF SUIT<br><br>1.   Violation of the Railway Labor Act (45 U.S.C. § 151 *et seq.*) |

The Brotherhood of Maintenance of Way Employes Division/IBT ("BMWED" or "Union") brings this complaint against the BNSF Railway, Inc. ("BNSF" or "Carrier") for a declaration that BNSF has violated Section 3 of the Railway Labor Act ("RLA"), 45 U.S.C. §153 by interfering with, subverting, and effectively negating the grievance and arbitration process that, under Section 3, is the mandatory and exclusive mechanism for resolution of RLA contract interpretation disputes involving its employees represented by BMWED.

A member of BMWED sought to obtain information to determine whether BNSF had violated a BMWED-BNSF collective bargaining agreement regarding the assignment of overtime work, and to support a grievance if he believed there had been a violation. After BMWED member Bobby Tindell accessed a company payroll system data base (that he had the right to access) in order to determine whether employees who had less seniority than he did were offered and assigned overtime instead of him, BNSF officials directed him to cease accessing that information. When Mr. Tindell then asked his junior co-workers about their overtime assignments, BNSF began a disciplinary investigation against him and then disciplined him for "creating an unpleasant work environment to various employees after confronting them about their overtime pay after it was clearly instructed for you to stop".

BNSF has threatened and retaliated against Mr. Tindell for seeking information necessary for him to file a grievance, when RLA contract interpretation disputes must be handled through the grievance and arbitration procedure under RLA Section 3. BNSF has thereby interfered with and subverted the grievance/arbitration process and undermined the statutory dispute resolution process in violation of RLA Section 3.

## PARTIES

1. BMWED is an unincorporated labor association that maintains its headquarters in Novi, Michigan. BMWED is the duly designated representative for collective bargaining under Section 1 Sixth of the RLA, 45 U.S.C. §151 Sixth, of employees of BNSF working in the class or craft of maintenance of way employee.  On January 1, 2005, the BMWED became an autonomous division of the International Brotherhood of

Teamsters. Prior to that date, BMWED was an international union founded in 1887 that went by the name Brotherhood of Maintenance of Way Employes ("BMWE").

2. BNSF is the product of control and merger transactions that combined the rail lines and properties of the former Burlington Northern Railroad ("BN"), the former Atchison Topeka and Santa Fe Railway ("ATSF"), the former St. Louis and San Francisco Railroad (Frisco), and other formerly separate railroads. BNSF is a rail carrier as defined by Section 1 First of the RLA, 45 U.S.C. §151 First.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over BMWED's complaint because it arises under the RLA, an act of Congress regulating interstate commerce, pursuant to 28 U.S.C. §§ 1331 and 1337. The Court has jurisdiction over BMWED's request for a declaratory order pursuant to 28 U.S.C. §§2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) and (c) because BNSF owns and operates lines of railroad within this District, and the events that gave rise to this action occurred in this district.

## STATEMENT OF THE CLAIM

5. Among other things, BNSF maintenance of way employees represented by BMWED are responsible for constructing, repairing, rehabilitating, upgrading, renewing, inspecting and maintaining BNSF's track and right of way, as well as bridges, buildings, and other structures.

6. BMWED and BNSF are parties to several collective bargaining agreements that govern the performance of maintenance of way work on BNSF and establish the rates of pay, rules and working conditions of BNSF maintenance of way workers.

7. One of the agreements between BMWED and BNSF is the ATSF agreement that was updated and republished in 2004 ("CBA") which covers the former ATSF portion of BNSF, including portions of the BNSF System in California that are part of what is referred to as ATSF Seniority District #600. 8. Among the rules and working conditions in the CBA are rules for accrual of seniority in various maintenance of way classes and positions, and rules establishing seniority rosters.

8. Among the rules and working conditions in the CBA are rules for accrual of seniority in various maintenance of way classes and positions, and riles establishing seniority rosters.

9. Among the rules and working conditions in the CBA is Rule 33, a rule about assignment of overtime which, subject to some exceptions, generally provides a preference or priority for overtime assignments to senior employees on seniority rosters.

10. In accordance with Section 3 of the RLA, Rule 14 of the CBA provides a procedure for BMWED members to file claims and grievances when they believe that BNSF has violated the CBA so that the claim or grievance may be handled by representatives of the Union and the Carrier up to the "highest officer designated by the Carrier to handle such disputes", and then, if necessary, to arbitration before the National Railroad Adjustment Board ("NRAB") or a Special Board of Adjustment ("SBA"), as required by Section 3 First (i) of the RLA.

11. BMWED member Bobby Tindell has been employed by BNSF as a track supervisor and is headquartered in Needles, California which is part of ATSF Seniority District #600.

12. In the Winter of 2015, Bobby Tindell became concerned that track supervisors junior to him were being given preference or priority for overtime work.

13. If Mr. Tindell believed that employees junior to him had been assigned overtime work for which he should have had first preference, and that BNSF had thereby violated the CBA, Mr. Tindell had a right under Rule 14 of the CBA to file a claim or grievance alleging a violation of the CBA and seeking compensation. Such a claim or grievance is also referred to as a "time claim".

14. If Mr. Tindell believed that employees junior to him had been assigned overtime that he should have had first preference for, and that BNSF had thereby violated the CBA, under the RLA, the exclusive recourse for him was to file a claim or grievance under Rule 14.

15. Mr. Tindell investigated to determine whether he was being denied the ability choose to work overtime in violation of his seniority rights and overtime rights under the CBA.

16. Beginning the Winter of 2015, Mr. Tindell filed time claims alleging that BNSF had violated the CBA by assigning junior track supervisors overtime that should have been offered to him first.

17. In March of 2015, Mr. Tindell accessed the BNSF payroll system data base that he was allowed to access in order to determine whether employees junior to him were being given the opportunity to work overtime before he was given the opportunity to work overtime, in violation of his rights under the CBA's seniority and overtime rules. Mr. Tindell accessed the work assignments of track supervisors junior to him to determine whether they had worked overtime on occasions when he had not been offered the opportunity to work overtime. The records for the junior employees were accessible to him through his authorized use of the BNSF payroll system data base.

18. On March 25, 2015, BNSF Division Engineer Jimmy Capps, the BNSF maintenance of way manager responsible for the Southern California area, notified Mr. Tindell that he was not to access the work assignment records of co-workers and BNSF and cut off Mr. Tindell's access to the work assignment records of his co-workers through the BNSF data base.

19. After Mr. Tindell was barred from accessing the BNSF payroll system data base to investigate overtime assignments for other track supervisors, he approached junior track supervisors to inquire if they had been offered overtime on particular dates.

20. BNSF responded to Mr. Tindell's inquiry into whether BNSF had violated the overtime rule by offering and assigning overtime to employees junior to him through questions to junior employees about their overtime assignments by initiating a disciplinary proceeding against him. On April 15, 2015 Mr. Tindell was issued a notice of an investigatory hearing into a charge that he failed to comply with instructions and created an "unpleasant work environment" by asking co-workers about their overtime.

COMPLAINT

21. On May 15, 2015, BNSF held an investigatory hearing concerning a manager's allegation that Mr. Tindell "fail[ed] to comply with previous instructions on April 7, 2015 at approximately 0700 hours while working as a track supervisor on the Needles Subdivision" and that he "created an unpleasant work environment to various employees after confronting them about their overtime pay after it was clearly instructed for you to stop."

22. On June 1, 2015, BNSF issued a "Level S 30 day record suspension" based on the Carrier's conclusion that Mr. Tindell had violated BNSF rules about "conduct" and "reporting and complying with instructions", after BNSF found that he "fail[ed] to comply with previous instructions", and "created an unpleasant work environment to various employees after confronting them about their overtime pay after it was clearly instructed for you to stop".

23. A "Level S 30 day record suspension" means that a "Level S" suspension has been noted on his record, although the actual removal from service for 30 days was deferred; but it could be imposed if BNSF initiated another disciplinary action during a one year period. Additionally, under the BNSF disciplinary system, discipline is compounded, so another disciplinary action while this one was on his record could result in his discharge.

## FIRST CAUSE OF ACTION

24. BMWED incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1 through 23.

25. Section 3 of the RLA, 45 U.S.C. §153, created the National Railroad Adjustment Board as an arbitration Board to resolve grievances and disputes over interpretation or application of agreements concerning rates of pay rules and working conditions. Section 3 First (i) provides that such disputes "shall be handled in the usual and customary manner up to and including this chief operating officer of the carrier designated to handle such disputes", and that unresolved disputes may be referred to the NRAB for resolution. If a dispute is not resolved by the NRAB, it will be resolved by the

Board sitting with a neutral referee (Section 3 First (l). Awards rendered by the NRAB sitting with a neutral referee are "final and binding" on the parties (Section 3 First(m)).

26. In *Brotherhood of R.R. Trainmen v. Chicago River and Indiana R.R. Co.*, 353 U.S. 30 (1957), the Supreme Court held that Section 3 of the RLA requires that disputes over grievances, ("minor disputes" in RLA parlance) are "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation", and must be resolved in final and binding arbitration under Section 3. The Court further held that the processes of Section 3 are the exclusive method for resolving such disputes, so a union could be enjoined from striking over a grievance despite the general Norris LaGuardia Act prohibition against injunctions in labor disputes. In *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n.*, 491 U.S. 299 (1989), the Supreme Court stated that minor disputes are subject to "compulsory and binding arbitration before" the NRAB or an SBA, and that such adjustment boards have "exclusive jurisdiction" over minor disputes.

27.  By gathering information and seeking information concerning BNSF's compliance with the overtime provisions of the CBA, Mr. Tindell was preparing for and utilizing the mandatory and exclusive methods prescribed by the RLA for resolution of disputes over application of collective bargaining agreements.

28. By investigating and disciplining Mr. Tindell for his efforts to gather information to determine whether BNSF violated the CBA in assigning overtime work, and for use as evidence in support of a time claim or grievance, BNSF has interfered with and subverted the RLA grievance and arbitration processes, and has undermined and negated the exclusive mechanism available to Mr. Tindell and the Union for resolution of disputes over interpretation of the overtime rules of the CBA. BNSF has thereby violated Section 3 of the RLA by imposing discipline and penalties on Mr. Tindell's use of the statutorily mandated minor dispute resolution processes of the RLA.

## REQUEST FOR RELIEF

WHEREFORE, BMWED respectfully requests that the Court

A.   DECLARE that BNSF's investigation and disciplining of Mr. Tindell for his efforts to gather information to determine whether BNSF violated the CBA in assigning overtime work, and for use as evidence in support of a time claim or grievance violated Section 3 of the RLA by imposing discipline and penalties on use of the statutorily mandated minor dispute resolution processes of the RLA.

B  GRANT BMWED reasonable attorneys' fees and the costs of this action as well as any other relief that is just and proper.

Dated: July 6, 2015            **GILBERT & SACKMAN, A Law Corporation**

By:   /s/Jay Smith
         Jay Smith
         Travis S. West


**MOONEY, GREEN, SAINDON, MURPHY & WELCH PC**

By:   /s/ Richard S. Edelman
         Richard S. Edelman

Attorneys for the Brotherhood of Maintenance of Way Employes Division/IBT